```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
FRANCIS CONTRERAS,                       :
                                         :   10 Civ. 6583 (DLC)
                    Plaintiff,           :
                                         :   MEMORANDUM OPINION
          -v-                            :        & ORDER
                                         :
DUKE TERRELL, Warden, Metropolitan       :
Detention Center,                        :
                                         :
                    Respondent.          :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On July 16, 2010, Francis Contreras ("Contreras"), appearing pro se, brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking a twenty-four month sentence reduction and immediate release. The original judgment against Contreras became final on April 24, 2008, ninety days after the entry of the order of the Second Circuit on January 24, 2008 that affirmed the judgment of conviction. See Clay v. United States, 537 U.S. 522, 525-27 (2003). Contreras had until April 24, 2009 –- one year from the date the judgment of conviction became final -- to file a timely petition under § 2255. Contreras did not file his petition until July 16, 2010.

On September 20, Contreras was ordered to submit by December 3, 2010 an amended petition that would, inter alia, allege facts demonstrating why his petition was timely, or if

not, why the applicable limitation period should be equitably tolled.  On December 21, Contreras filed a document titled "Amended Motion," setting forth the reasons why he believes he is entitled to equitable tolling.  Contreras appears to claim that he is entitled to equitable tolling because he suffered memory loss due to a lack of sunlight and fresh air while incarcerated at the Metropolitan Detention Center.

Equitable relief, in the form of tolling, may be "awarded in the court's discretion only upon consideration of all the facts and circumstances." Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 965 (2d Cir. 1981).  In order to equitably toll the one-year period of limitations, Contreras "must show that extraordinary circumstances prevented him from filing his petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted).  Additionally, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Id. (citation omitted).  The Second Circuit has held that while mental illness can warrant equitable tolling of the statute of limitations, the "burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a particularized description of how her condition adversely affected her capacity to function

generally or in relationship to the pursuit of her rights." Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010).

Contreras has not shown how the lack of sunlight and fresh air caused memory loss or how the memory loss he suffered from these conditions prevented him from filing a timely petition throughout the period he seeks to toll. Therefore, Contreras has not demonstrated that he is entitled to equitable tolling.

CONCLUSION

Contreras' December 21, 2010 petition is denied as untimely. In addition, the Court declines to issue a certificate of appealability. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

Dated:   New York, New York
         July 12, 2011

                                    _____
                                           DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Francis Contreras
53021-054
MDC Brooklyn
Cadre
P.O. Box 329002
Brooklyn, NY 11232